# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50096
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE GARCIA-JUAREZ, also known as Juarez Garcia, also known as Felipe Juarez, also known as Chongo, also known as Felipe Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-503-ALL

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Felipe Garcia-Juarez (Garcia) challenges the 28-month within-guidelines sentence imposed following his conviction for illegal reentry into the United States. 8 U.S.C. § 1326(a), (b)(1). Garcia argues that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Garcia did not challenge the reasonableness of his sentence in the district court, however, our review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Garcia must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Under either the abuse of discretion standard or plain error, however, Garcia is not entitled to relief. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Garcia's within-guidelines sentence is afforded a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The record reflects that the district court did not commit error, plain or otherwise, in determining that a sentence of 28 months of imprisonment would satisfy the sentencing objectives of § 3553(a). Garcia has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Rita*, 551 U.S. at 347.

AFFIRMED.